HOLLY L. COMBETTA                                         CIVIL ACTION NO.

VERSUS

                                                  21-292-JWD-EWD

ANDRE L. WILLIAMS, ET AL.

## NOTICE AND ORDER

This is a civil action involving claims for damages by Holly Combetta ("Plaintiff") based upon the injuries she allegedly sustained on October 26, 2019 while travelling in in Livingston, Louisiana (the "Accident"). Plaintiff's vehicle was allegedly struck by the vehicle driven by Defendant Andre L. Williams ("Williams"), who was operating his vehicle while in the course and scope of his employment with Defendant First Coast Intermodalogistics Baltimore, LLC ("FCIB"), and was insured by Defendant Hudson Insurance Company ("Hudson'") (collectively, the "Removing Parties").[1] On October 13, 2020, Plaintiff filed her Petition for Damages ("Petition") against Williams, Hudson, and FCIB in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] Plaintiff claims that she suffered personal injuries as a result of the Accident, caused by the negligence of Williams, for which FCIB is vicariously liable.[3] On May 18, 2021, Williams, Hudson, and "First Coast IntermodaLogistics, LLC" ("First Coast") removed the matter to this Court, based on diversity jurisdiction under 28 U.S.C. § 1332.[4] However, as explained below, the Notice of Removal is deficient in its allegations regarding the citizenship of the parties and the amount in controversy.

---

[1] R. Doc. 1-2, ¶¶ 4-7, 10.
[2] R. Doc. 1-2.
[3] R. Doc. 1-2, ¶¶ 3,8-9, 11-12.
[4] R. Doc. 1, ¶ XVII.

*Citizenship of the Parties*

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction under 28 U.S.C. § 1332, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal alleges that Williams is a citizen of Georgia and Hudson is a Delaware corporation with its principal place of business in New York; accordingly, the citizenship of these Defendants is adequately pled.[5] First Coast alleges that it is a Florida limited liability company that has one member, R1 Holdings Corporation, which was organized and has its principal place of business in Massachusetts, and therefore is a citizen of Massachusetts.[6] However, First Coast is not currently a named defendant in this suit, and neither the Notice of Removal nor the Petition adequately allege the citizenship of the named defendant, FCIB.[7]

"First Coast Intermodalogistics Baltimore, LLC" was a named defendant in this action at the time of removal. As there is no indication that First Coast was substituted for FCIB prior to removal, or that Plaintiff agrees with the assertion that First Coast is the correct defendant, FCIB's citizenship must be adequately alleged for this Court to determine whether subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.[8] Removing Defendants must specify the

---

[5] R. Doc. 1, ¶¶ IV, VII *and see* R. Doc. 1-1, ¶¶ 4, 7.
[6] R. Doc. 1, ¶¶ V-VI *and see* R. Doc. 1-1, ¶¶ 5-6.
[7] The Notice of Removal does not address the citizenship of FCIB. The Petition merely states that "Made defendants herein are the following: … Andre L. Williams d/b/a First Coast Intermodalogistics Baltimore, LLC, a Florida corporation authorized to do and doing business in the state of Louisiana…." R. Doc. 1-2, ¶ 1(B).
[8] *See De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437-39 (5th Cir. 2014) ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. To determine whether jurisdiction is present for removal, we consider the claims in [plaintiff's] original petition as they existed at the time of removal."), ("State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because each of the proper parties in this action—De Jongh, Lloyds, and Johnson—are Texas residents."). *See also Touriac v. Chenevert*, No. 12-01785, 2012 WL 4471143, at *3 (W.D. La. Sept. 26, 2012) (refusing to consider the citizenship of an individual and entity who were no longer parties to the lawsuit at the time it was removed). Whether or not Removing Defendants believe that First Coast should be a defendant, FCIB is a named defendant and, therefore, its citizenship must be adequately alleged.

citizenship of First Coast Intermodalogistics Baltimore, LLC, or in the alternative, Plaintiff must seek leave to substitute First Coast in the place of FCIB.

Regarding Plaintiff, the Notice of Removal avers that "Plaintiff alleges in her Petition that she is, at the time of filing of this action, and still is, a resident and domiciliary of the State of Louisiana…."[9] However, the Petition merely alleges that Plaintiff is "a person of the full age of majority residing in East Baton Rouge parish, State of Louisiana…,"[10] which is insufficient to establish citizenship. "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[11] Furthermore, "[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[12] Thus, to properly allege the citizenship of an individual, a party must identify the individual's domicile.

Accordingly, the Removing Parties shall be ordered to file a motion for leave to file an Amended Notice of Removal that adequately alleges the citizenship of the currently-named owner/employer defendant, FCIB, and the citizenship of Plaintiff.[13]

*Amount in Controversy*

It is also not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[14] The Petition only generally alleges that Plaintiff suffered injuries to her back and neck.[15] Plaintiff seeks past, present, and future: physical pain and suffering; mental and emotional pain, anguish and distress; medical expenses; loss of

---

[9] R. Doc. 1, ¶ III.
[10] R. Doc. 1-2, introductory paragraph.
[11] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[12] *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (*citing Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)).
[13] In the alternative, if Plaintiff agrees that First Coast is the correct defendant, Plaintiff shall file a motion for leave to amend her Complaint to remove FCIB and to add First Coast as the correct defendant in this matter.
[14] *See* 28 U.S.C. §1332(a).
[15] R. Doc. 1-2, ¶ 11.

income and impairment of earning capacity; loss of enjoyment of life; and other damages to be shown at trial.[16]

In the Notice of Removal, the Removing Parties note that the above-referenced allegations of injuries and damages in the Petition "do[] not specify the nature or extent of [Plaintiff's] alleged injuries or the treatment necessitated by same" and acknowledge that "it is not apparent on the face of the Petition that the action is within the original jurisdiction of this Court under the provisions of 25 (sic) U.S.C. § 1332; specifically, the Petition does not show that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[17] However, the Removing Parties assert that they propounded discovery on Plaintiff in November 2020, and received medical records and bills from approximately six medical providers, which show Plaintiff "underwent extensive treatment following the Accident," for "a neck injury with pain radiating bilaterally to her upper extremities, as well as lower back pain."[18] The Removing Parties gleaned the following from the records produced:

XIV.

> Specifically, these records show that Plaintiff underwent a lumbar and cervical MRI on December 2, 2019, which demonstrated multiple level bulging discs at L4-5 and L5-S1 as well as disc bugles along the cervical spine at C3-5 with a posterior disc herniation at C6-C7….On December 10, 2019, Plaintiff saw Dr. David Corbin who summarized her treatment and imaging records and recommended spinal decompression therapy….On January 30, 2020, Dr. Corbin referred Plaintiff for pain management treatment… A second referral was submitted on February 17, 2020 to Dr. Joseph Turnipseed….On March 16, 2020, Plaintiff underwent an initial evaluation with Dr. Turnipseed who performed a physical examination and recommended a cervical epidural steroid injection (ESI) due to failure of conservative treatment....The recommended ESI took place on April 28, 2020….On November 25, 2020, Plaintiff returned to Dr. Turnipseed, who recommended she receive a second

---

[16] R. Doc. 1-2, ¶ 12.
[17] R. Doc. 1, ¶¶ X-XII.
[18] R. Doc. 1, ¶ XII.

> ESI due to symptoms returning….The second ESI took place on December 29, 2020.[19]

Additionally, the Removing Parties aver that the medical bills produced reflect $15,324.00 in past medical expenses, but do not reflect Plaintiff's ongoing treatment or any medical expenses from her chiropractic treatment, and thus the Removing Parties anticipate that her actual medical expenses are "expected to be much higher."[20] Relying on several Louisiana district and appellate court cases, the Removing Parties argue that damage awards for plaintiffs with similar injuries and treatment establish that the amount in controversy is met in this case.[21]

The foregoing is not sufficient to establish whether Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, the Removing Parties are correct that Plaintiff's demands for general categories of damages in the Petition (*e.g.*, past and future pain and suffering, mental anguish, and medical expenses),[22] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[23]

The description of Plaintiff's actual injuries in the Petition (*e.g.*, back, and neck) is also insufficient to indicate whether her damages likely exceed the jurisdictional amount, as this description does not provide any details as to the alleged injuries. The Notice of Removal and the records attached thereto, however, present additional facts with respect to Plaintiff's injuries and

---

[19] R. Doc. 1, ¶ XIV (internal references omitted) *and see* Plaintiff's discovery responses at R. Doc. 1-6 and medical records at R. Docs. 1-7 through 1-14.
[20] R. Doc. 1, ¶ XV *and see* medical bills at R. Doc. 1-15.
[21] R. Doc. 1, ¶ XVI.
[22] R. Doc. 1-2, ¶ 12.
[23] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited therein.

damages. Plaintiff has at least $15,324.00 in past medical expenses, multiple bulging discs, at least one herniated disc, and has undergone at least two spinal injections. However, $15,300 in past medical expenses for thirteen months of treatment is not a substantial amount;[24] bulging discs, even treated with steroid injections, have been held insufficient to establish the amount in controversy;[25] and "[t]his court recognizes that '[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended.'"[26] While there were some relevant documents produced that were attached to the Notice of Removal, they are insufficient to establish the amount in controversy due to the conservative treatment provided and relatively low medical expenses incurred. Notably, there is no surgery recommendation in those records.[27] Furthermore, Plaintiff is not claiming lost wages.[28]

---

[24] R. Docs. 1-7 through R. Doc. 1-15 (medical records and bills).

[25] *See Shelton v. Hallmark Trucking Ins. Co.,* No. 17-1683-BAJ-EWD, 2018 WL 1998341, at *4 (M.D. La. Mar. 27, 2018), *report and recommendation adopted sub nom., Shelton v. Hallmark Specialty Ins. Co.,* No. 17-01683-BAJ-EWD, 2018 WL 1997543 (M.D. La. Apr. 27, 2018), *citing Cole v. Mesilla Valley Transportation*, No. 16-841, 2017 WL 1682561 (M.D. La. March 14, 2017), wherein this Court held: "a general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections." 2017 WL 1682561, at *5. (citations omitted).

[26] *Thomas v. Louis Dreyfus Commodities, LLC,* No. 15-394-SDD-RLB, 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016), *report and recommendation adopted,* No. 15-394-SDD-RLB, 2016 WL 1337655 (M.D. La. Apr. 1, 2016) (*citing Robinson v. Kmart Corp.*, No. 11–12, 2011 WL 2790192, at *4, n. 4 (M.D.La. Apr. 28, 2011), *report and recommendation adopted,* 2011 WL 2937952 (M.D. La. July 14, 2011)). Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record. *See, e.g., Hebert v. Hanco Nat. Ins. Co.*, No. 07–362, 2009 WL 255948, at *4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10–53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000).

[27] R. Docs. 1-6 through 1-15. If there were a surgery recommendation, it could possibly sustain the Removing Parties' burden, particularly if there is evidence of the cost of the surgery. *See Silva v. Hartford Ins. Co. of the Midwest,* No. 15-5844, 2016 WL 4501288, at *4 (E.D. La. Aug. 29, 2016), wherein the court held that the plaintiff's statement that she required knee surgery, without evidence of the associated expenses, was insufficient to establish the removing defendant's burden.

[28] R. Doc. 1-6, p. 6.

As it stands, the Removing Parties have not provided any details regarding whether Plaintiff's injuries are permanent or Plaintiff's prognosis and recommended future treatment, including whether Plaintiff has been recommended for surgery. There is also no evidence of any settlement demands, nor does the Petition demand a jury trial.[29] Therefore, the Removing Parties have not yet met their burden of establishing that the amount in controversy is satisfied. Although the Removing Parties point to several cases where damages exceeding $75,000 were awarded or affirmed,[30] the Removing Parties "must do more than merely show that plaintiff could recover more than the jurisdictional amount" to satisfy their burden.[31] Moreover, the cases cited are not persuasive at this stage of the litigation, as there cannot be a meaningful comparison of this case to any of those cases (which may also be factually distinguishable) for the purposes of determining whether the jurisdictional threshold is met because the relevant information regarding Plaintiffs' injuries and damages are unknown.[32] "The Defendant must point to facts **in this case** that establish that the actual amount in controversy exceeded $75,000."[33]

---

[29] While a jury trial demand by the plaintiff would not be dispositive of the amount in controversy, it would be another piece of information to consider. *See, e.g., Batiste v. Stryker Corp.*, No. 19-574, 2020 WL 2245845, at *4 (M.D. La. April 22, 2020), *report and recommendation adopted*, No. 19-574, 2020 WL 2296892 (M.D. La. May 7, 2020) ("While this Court has repeatedly held that a demand for jury trial and a lack of Article 893 allegation are insufficient alone to establish amount in controversy, they are factors to be considered.")(citation omitted).

[30] R. Doc. 1, ¶ XVI. Only one of the cases cited (*i.e., Franklin v. Allstate Property and Casualty Co.*) is within this Court's jurisdiction, and according to the Notice of Removal, while $60,000 was awarded as general damages, it is not clear what the medical expenses were or whether the injuries sustained were similar to those alleged in this case. *Id.*

[31] *Silva,* 2016 WL 4501288, at *5. *See also Barrow v. James River Insurance Company*, No. 16-15967, 2017 WL 656725 at *3 (E.D. La. Feb. 15, 2017) (accord).

[32] *See Silva,* 2016 WL 4501288, at *5: "Overall, Defendant's argument that the amount in controversy is satisfied by citing two Louisiana state court cases with highly individualized facts different from the facts at issue here is unconvincing. Because the fact finder has discretion in determining an appropriate amount of damages based upon the facts of each individual case, monetary awards in previous cases are not sufficient to meet Defendant's burden of establishing that the amount of controversy here is greater than $75,000. The Defendant must point to facts in this case that establish that the actual amount in controversy exceeded $75,000. Moreover, the damages awards cited by Defendant are based on the entire record after trial, whereas subject matter jurisdiction determinations must only be based on the jurisdictional facts that exist at the time of removal. This point is especially salient when the Plaintiff's particular alleged injury cannot be broadly generalized and compared across different plaintiffs with 'similar' injuries, and when such an injury can result in widely ranging damages awards that do not always satisfy the amount in controversy requirement."

[33] *Id.* (emphasis added).

This Court has ordered supplemental briefing on similar allegations.[34] Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity of citizenship and whether the amount in controversy requirement has been met.[35]

Accordingly,

**IT IS ORDERED** that by no later than **July 26, 2021,** Andre L. Williams, First Coast IntermodaLogistics, LLC and Hudson Insurance Company shall file a Motion for Leave to file an Amended Notice of Removal, which contains all of their numbered allegations, as revised, supplemented, or amended, and that properly pleads the citizenship of Plaintiff and the citizenship of the currently-named owner/employer Defendant, First Coast Intermodalogistics Baltimore, LLC. **Alternatively,** if Plaintiff agrees that First Coast IntermodaLogistics, LLC is the proper defendant, by no later than **July 26, 2021** Plaintiff shall file a Motion for Leave to amend her Complaint to substitute First Coast IntermodaLogistics, LLC for First Coast Intermodalogistics Baltimore, LLC.

**IT IS ORDERED** that by no later than **July 26, 2021,** Defendants shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that by no later than **August 9, 2021,** Plaintiff Holly Combetta shall file either: (1) a Notice stating that Plaintiff does not dispute that the removing

---

[34] *See Davis v. S. Farm Bureau Cas. Ins. Co.,* No. 20-322-JWD-EWD, 2020 WL 3000803, at *2 (M.D. La. June 4, 2020) (ordering briefing on the amount in controversy on similar injuries, *i.e.*, the *Davis* plaintiff alleged herniated discs, a bulging disc, a tear in her shoulder and other injuries, but had twice as much in medical expenses, *i.e.*, $30,000, and claimed lost wages).

[35] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

parties have established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, July 12, 2021.

                                              **ERIN WILDER-DOOMES**
                                              **UNITED STATES MAGISTRATE JUDGE**